FLINT NORTOWN THEATRE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3528.   Promulgated January 4, 1945.

*Russell C. Roberts, Esq.*, for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

#### OPINION.

SMITH, *Judge*: This proceeding involves an excess profits tax deficiency for 1941 of $2,586.97.   The only error alleged in the petition is that the respondent "did not allow taxpayer credit for borrowed or equity invested capital."

Petitioner is a corporation organized under the laws of the State of Michigan in 1939.   Its principal office is at Flint, Michigan.   It filed its income and excess profits tax return for 1941 with the collector of internal revenue for the first district of Michigan.

Petitioner was organized July 20, 1939, for the purpose of building and operating a motion picture theatre at Flint, Michigan.   It had an original capitalization of $5,000, consisting of 50 shares of common stock of a par value of $100 each.   The stock was issued in equal shares to its organizers, Alex Schreiber and A. Eiseman, who became the company's president and secretary-treasurer, respectively.

Additional capital over and above the relatively small amount paid in for stock was needed to acquire the site and to construct and equip the theatre.   These funds were advanced to the company by Schreiber and Eiseman from time to time, for the most part during 1939 to 1941, inclusive.   The total advanced by each of the stockholders amounted to $22,400.   The average of such advances in the taxable year 1941 was $44,252.14 ($43,814.96 at the beginning of 1941 and $44,293.81 at the close of the year).   These advances were all on open account and were so carried in the company's books, as shown by entries on the ledger sheets bearing the stockholders' stock subscription accounts.

At a special meeting of the board of directors held August 18, 1939, the following resolution was adopted:

Present:

Abraham Eiseman

Alex Schreiber

Ann Eiseman

Harold H. Smilay

being all the directors of said company.

The following resolution was proposed and unanimously adopted:

WHEREAS, the stockholders have advanced to the corporation certain moneys to acquire real estate in the City of Flint for the purpose of erecting a theater thereon, and

WHEREAS, negotiations are now in progress for the erection of said theater and said stockholders have offered to advance temporarily to the corporation further sums of money when and as necessary for the completion of the theater and the purchasing of equipment,

BE IT RESOLVED, that this corporation accept such advances heretofore made and hereafter to be made by said stockholders and when the final amount advanced shall be determined, the President and Secretary upon demand of said stockholders shall execute a promissory note or notes covering such advances, which advances shall bear interest at the rate of six (6%) per cent per annum.

No note or other evidence of indebtedness was ever requested by or issued to either of the stockholders for the funds which he advanced to the petitioner. All of such funds were used for the purpose of acquiring the site or for construction and equipment of the theatre. Petitioner has never paid any interest on the advances and has never paid any dividends on its stock.

Petitioner contends here that the average, for the taxable year 1941, of the advances made to it by the stockholders should be included in its invested capital for the purpose of computing its excess profits tax, either as "equity invested capital" under section 718 or as "borrowed invested capital" under section 719 of the Internal Revenue Code, added by section 201 of the Second Revenue Act of 1940. The pertinent provisions of those sections are as follows:

SEC. 718. EQUITY INVESTED CAPITAL.

(a) DEFINITION.—The equity invested capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following amounts, reduced as provided in subsection (b)—

(1) MONEY PAID IN.—Money previously paid in for stock, or as paid-in surplus, or as a contribution to capital;

SEC. 719. BORROWED INVESTED CAPITAL.

(a) BORROWED CAPITAL.—The borrowed capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following:

(1) The amount of the outstanding indebtedness (not including interest, and not including indebtedness described in section 751 (b) relating to certain exchanges) of the taxpayer which is evidenced by a bond, note, bill of exchange, debenture, certificate of indebtedness, mortgage, or deed of trust, * * *

It is plain that the moneys which petitioner's stockholders advanced to it on open account do not fall within the statutory defini-

tions of either equity invested capital or borrowed invested capital. They were not "paid in for stock, or as paid-in surplus, or as a contribution to capital" (sec. 718 (a) (1)), but were loans or advances made to petitioner by the stockholders. It was so understood and intended by all parties concerned, as is shown by the resolution adopted by petitioner's directors at the meeting held August 18, 1939. They were not within the statutory definition of borrowed invested capital because not evidenced by "a bond, note, bill of exchange, debenture, certificate of indebtedness, mortgage, or deed of trust."

In the report of the Ways and Means Committee on the second revenue bill of 1940, accompanying H. R. 10413 (76th Cong., 3d sess., H. Rept. 2894), it is stated at page 26 that:

* * * Borrowed capital consists of the outstanding indebtedness of the taxpayer (exclusive of interest) which is evidenced by bond, note, debenture, bill of exchange, certificate of indebtedness, mortgage, or deed of trust, or any other written evidence of indebtedness. * * *

The phrase "or any other written evidence of indebtedness" does not appear in the original draft of the bill or in the bill as finally enacted. The Senate Finance Committee report (76th Cong., 3d sess., S. Rept. 2114) at page 14 contains the statement that:

Under the House bill borrowed capital (i. e., indebtedness evidenced by a bond, note, bill of exchange, debenture, certificate of indebtedness, mortgage, or deed of trust) was included in invested capital under a graduated limitation at varying percentages (100, 66⅔, 33⅓), these percentages depending upon the amount of equity-invested capital.

Under the bill as reported by your committee all borrowed capital, as defined in the House bill, is includible in invested capital at 50 percent.

We must assume that Congress was not unmindful of the limitations which it placed upon the inclusion in invested capital of borrowed money in enacting the excess profits tax statute, and we must accept the definition of the terms "equity invested capital" and "borrowed invested capital," found in sections 718 and 719 above, as all inclusive. See *Journal Publishing Co.*, 3 T. C. 518.

This construction may appear to work a hardship upon the taxpayer here, but we can not alter the wording of the statute or give it a construction contrary to its plain meaning. Provisions are made elsewhere in the statute for relief in special cases where the excess profits tax results in certain types of hardships. See sec. 722, I. R. C., as amended.

On the evidence of record, we find no error in respondent's determination of petitioner's excess profits tax liability for the taxable year 1941.

*Decision will be entered for the respondent.*