CIRO OF BOND STREET, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15420.    Promulgated August 19, 1948.

*Harold Manheim, Esq.*, for the petitioner.
*J. J. Madden, Esq.*, for the respondent.

OPINION.

BLACK, *Judge*: The only issue we have to decide in this proceeding is whether the petitioner is entitled, under section 719 (a) (1) of the Internal Revenue Code,[1] to include in borrowed capital sums advanced to petitioner by its parent corporation, Ciro Pearls, Ltd., of London, England.

Petitioner's brief lays much stress on the fact that the advancements made to petitioner by its parent corporation were made for bona fide business purposes and were fully recognized by petitioner on its books as an indebtedness which it owed its parent corporation. We have no doubts at all as to the bona fide character of the advancements in question nor that they represented an indebtedness of a sort to the parent

---

[1] SEC. 719. BORROWED INVESTED CAPITAL.

(a) BORROWED CAPITAL.—The borrowed capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following:

(1) The amount of the outstanding indebtedness (not including interest, and not including indebtedness described in section 751 (b) relating to certain exchanges) of the taxpayer which is evidenced by a bond, note, bill of exchange, debenture, certificate of indebtedness, mortgage, or deed of trust * * *.

corporation, but we do not think these advancements represented "borrowed invested capital" as defined in section 719 (a) (1) of the code. The contention which petitioner makes is very similar to that which was made by the taxpayer in *Pendleton & Arto, Inc.*, 8 T. C. 1302. In that case we pointed out the taxpayer's contentions as follows:

\* \* \* The petitioner, contending that the statute is satisfied by the situation presented, reviews many cases to demonstrate that there is indebtedness, arguing also that the money advanced to the petitioner had a business purpose, and that the transaction was bona fide. \* \* \*

We then went on to point out that these things were not enough, that the "borrowed capital" which the statute prescribed must be in the form described by the statute. In discussing that particular require ment we said:

\* \* \* The statute enumerates certain forms of indebtedness as coming within its bounds. *Inclusio unius est exclusio alterius.* Other forms were, we think, clearly intended to be excluded. This can only fairly mean that the mere presence of operating capital obtained can not, alone, satisfy the statute, but it must be represented by established forms of debt. Mere open account was not included, and we have heretofore considered it was not intended. *Flint Nortown Theatre Co.*, 4 T. C. 536. *Economy Savings & Loan Co.*, 5 T. C. 543, involving certificates of deposit, does not demonstrate the arrangement here to be a certificate of indebtedness. It has no attribute of an investment security, such as issued by corporations. Regulations 112, sec. 35.719–1 (d), covering the section here involved. \* \* \*

We then decided that the advancements which the parent corporation had made to the taxpayer in that case did not represent "borrowed invested capital" within the meaning of section 719 (a) (1).

Of course, the facts in the instant case are somewhat different from those present in *Pendleton & Arto, Inc., supra,* but the controlling principle is, we think, the same. Petitioner does not contend that in the instant case there was any bond, note, bill of exchange, debenture, mortgage, or deed of trust mentioned in section 719, but it does contend that the advancements to it by the parent corporation were evidenced by "certificates of indebtedness" within the meaning of that term as used in section 719 (a) (1).

Section 35.719–1 (d), Regulations 112, to which we referred in *Pendleton & Arto, Inc., supra,* reads as follows:

The term "certificate of indebtedness" includes only instruments having the general character of investment securities issued by a corporation as distinguishable from instruments evidencing debts arising in ordinary transactions between individuals. \* \* \*

It seems clear that in the instant case the advancements made by the parent corporation to the petitioner were not evidenced by "certificates of indebtedness" within the meaning of the statute or the foregoing regulations. The only written evidence here to evidence petitioner's

indebtedness to its parent corporation for the advances made to it were letters written for audit purposes and dated December 30, 1939, which are embodied in our findings of fact. It seems clear to us that these letters can not qualify as "certificates of indebtedness" within the meaning of the applicable statute and regulations, and we so hold. Even if the letters to which we have referred qualified as "certificates of indebtedness" in matter of form, they would still be lacking one essential quality, and that is a maturity date. The letters contain this provision: "No interest is payable in respect of this indebtedness, which is to be repaid when this Company is in a position to do so."

Clearly, the above language fixes a very indefinite maturity date and does not meet the requirements of that part of Regulations 112, section 719-1 (d), which reads:

\* \* \* The name borne by the certificate is of little importance. More important attributes to be considered are whether or not there is a maturity date, the source of payment of any "interest" or "dividend" specified in the certificate (whether only out of earnings or out of capital and earnings), rights to enforce payment, and other rights as compared with those of general creditors.

Cf. *Frankel & Smith Beauty Departments, Inc.* v. *Commissioner*, 167 Fed. (2d) 94, affirming T. C. memorandum opinion.

We think the facts of the instant case are clearly distinguishable from the facts of the cases cited and relied upon by petitioner, among which are *Brewster Shirt Corporation* v. *Commissioner*, 159 Fed. (2d) 227, and *Economy Savings & Loan Co.*, 5 T. C. 543; modified on other grounds, 158 Fed. (2d) 472. These cases are not controlling on the facts which we have here.

We sustain the Commissioner in his disallowance of the "borrowed invested capital" claimed by petitioner.

*Decision will be entered under Rule 50.*