OPINION. Tietjens, Judge: The issue presented is whether under the facts herein the petitioner had, during the years 1944 and 1945, an “outstanding indebtedness” which was “evidenced by” a “note” or “mortgage” within the meaning of section 719 (a) (1), Internal Eevenue Code.[1] If so, there is no dispute as to the amounts to be included in the petitioner’s borrowed capital for those years. The petitioner contends that, during 1944 and 1945, its obligation to pay the balance due on the agreed purchase price of timberland constituted an unconditional outstanding indebtedness which was evidenced by a promissory note secured by a land purchase contract which was a form of mortgage under the laws of Oregon. The petitioner further contends that title to the land was retained by the seller only as security and that, in Oregon, the land purchase contract created a lien on the property equivalent to the common form of mortgage. The respondent contends that the transaction involved herein did not create an outstanding indebtedness evidenced by either a note or a mortgage within the meaning of section 719 (a) (1), supra. He argues that the petitioner’s obligation was conditional under the terms of an executory and bilateral agreement, that the agreement was a conditional land contract with the seller retaining title and was not a “mortgage” or even equivalent to one, and, further, that the instrument promising to pay $400,000 was not a “note” because there was no due date and the monthly payments called for were to be made on the basis of the quantity of timber cut and removed by the petitioner. The respondent argues that the situation in the instant case is almost identical to that in Consolidated Goldacres Co. v. Commissioner, 165 F. 2d 542, affirming 8 T. C. 87, certiorari denied 334 U. S. 820. Among other cited cases the respondent also relies heavily upon Bernard Realty Co. v. United States, 188 F. 2d 861, reversing 92 F. Supp. 805, and Journal Publishing Co., 3 T. C. 518, to support his position that his determination should be sustained. In each of the above cited cases the taxpayer’s obligation to pay a 'sum of money was evidenced by a written contract. In the first two cited cases it was held that the contract did not constitute either a “mortgage” or a “note” and in the third cited case it was held that the contract did not constitute a “note” or otherwise qualify as evidence of indebtedness, within the intent of Congress in enacting section 719 (a) (1), supra. In the instant case one distinguishing circumstance not involved in the cited cases is that in addition to the land purchase contract the petitioner executed an instrument purporting to be a promissory note. However, that factual distinction does not obviate the applicability of the reasons and conclusions set forth in the cited cases which we think .determine the instant controversy. The . concept of including in invested capital certain amounts of outstanding indebtedness as borrowed capital and the restricted character of the permissible evidence of such indebtedness which Congress has prescribed in section 719 (a) (1), has been heretofore fully discussed in the above cited cases and Flint Nortown Theatre Co., 4 T. C. 536; West Construction Co., 7 T. C. 974; Canister Co., 7 T. C. 967, affd. 164 F. 2d 579; and C. L. Downey Co., 10 T. C. 837, affd. 172 F. 2d 810. There is no need here for further discussion along that line. In the instant case the agreement of August 30, 1943, wherein the seller retained title to the land and standing timber thereon until payment in full of the agreed purchase price by the petitioner, was a conditional land contract. The purchase price of $500,000 was payable $100,000 in cash and the balance during an indefinite period of time by monthly payments conditioned upon the quantity of timber cut and removed by the petitioner. In addition to the conditional monthly payments, there were numerous other conditions which the petitioner was required to meet in order to fulfill the terms of the contract. Default in any of those conditions gave the seller the option to declare the contract terminated and all payments forfeited as liquidated damages, or, declare the unpaid sums plus interest immediately due and payable and bring suit therefor. Under the contract the petitioner was obligated to pay the balance of the purchase price but that obligation was not unconditional for at any time a breach of the terms and the seller’s election to terminate the .contract would have relieved the petitioner of any further liability. Even though the land contract may be the equivalent of a mortgage for certain remedial purposes under the laws of Oregon, as contended by the petitioner, the controlling fact here is that the contract was conditional and therefore does not qualify as a “mortgage” within the meaning and for the purpose of section 719 (a) (1). A land contract or other conditional sales contract is not synonymous with and therefore may not be considered as a “mortgage” under that section. Consolidated Goldacres Co. v. Commissioner, supra, and Bernard Realty Co. v. United States, supra. The petitioner further contends that even if the contract fails to qualify as a “mortgage,” the instrument executed as a note pursuant to the contract is an entirely separate instrument which qualifies as a “note” under section 719 (a) (1). In our opinion, the so-called note must be read with its interrelated contract and when so read a close analysis of both instruments discloses that there was no unconditional promise to pay a certain sum of money on demand, or at a fixed or determinable future time. Journal Publishing Co., supra. While it is true that the so-called note “promises to. pay to the order of” a payee the sum of $400,000 in money, it is also true that it is not payable on demand nor at any designated or ascertainable future time. The so-called note refers to the contract and incorporates language providing for monthly payments on the basis of the quantity of timber cut and removed by the petitioner and accordingly it is conditional. By its very terms the instrument purporting to be a note is payable in installments, the amounts of which are not fixed, and we do not agree with the petitioner’s contention that the so-called note should be deemed payable in a reasonable time and if not so paid would become a demand note. We conclude that the petitioner’s obligation during the years 1944 and 1945, under the instruments involved herein, was not an outstanding indebtedness evidenced- by a note or mortgage within the meaning of section 719 (a) (1), supra. The respondent’s determination is sustained. Decision will he entered for the resfondent. SEC. 719. BORROWED INVESTED CAPITAL. (a) Borrowed Capital. — The borrowed capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following: (1)' The amount of the outstanding indebtedness (not including Interest) of the taxpayer which Is evidenced by a bond, note, bill of exchange, debenture, certificate of Indebtedness, mortgage, or deed of trust, plus, (b) Borrowed Invested Capital. — The borrowed invested capital for any day of any taxable year shall be determined as of the beginning of such day and Bhall be an amount equal to BO per centum of the borrowed capital for such day.