ADAMS BROTHERS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41519. Filed May 26, 1954.

396

*James W. R. Brown, Esq.*, for the petitioner.
*Marvin E. Hagen, Esq.*, for the respondent.

### OPINION.

TIETJENS, *Judge:* The petitioner, a wholly owned subsidiary of Paxton & Gallagher Co., maintained two open accounts with its parent, one each for its grocery business and its liquor business. The parent advanced money by paying the petitioner's purchase invoices. The petitioner deposited sales receipts to the parent's account. Generally the petitioner owed the parent for advances in excess of sales for the grocery business, while the parent owed the petitioner for an excess of deposits over advances on the liquor business. Each corporation gave the other its note for the separate balance due, without offset for the other account. The notes were made out at the end of each month or accounting period, and kept in a safe. At the end of each period new notes were prepared and signed and the previous notes were marked "canceled." Interest was computed annually and added to the indebtedness.

The petitioner, in its excess profits tax returns for the calendar years 1942 to 1945, inclusive, computed its excess profits credit upon the basis of its invested capital. In this it included as borrowed capital the amounts advanced for the grocery business by its parent, reduced by

the amounts shown on the liquor division account as owing from the parent to the petitioner. The respondent determined that these amounts did not qualify as borrowed capital under section 719 (a) (1).[1] The note of $184,991.79 given for the purchase of assets of Western Liquor Company was allowed as representing borrowed capital.

As to the monthly or periodic notes, the existence of an indebtedness between the petitioner and its parent is not denied, although the amount thereof is disputed. The principal issue is whether the amounts were outstanding indebtedness "evidenced" by a note. The petitioner's contention is that its indebtedness to its parent was evidenced by the notes. The respondent says the indebtedness was evidenced by open accounts and that the notes were made out and signed solely for the purpose of attempting to qualify the balances as borrowed capital in order to secure a tax benefit.

The petitioner states that since Paxton & Gallagher had long established credit standing with certain New York and Chicago banks and could borrow any needed funds at a better rate than could the petitioner, the arrangement was made that the parent would advance the petitioner funds as needed from day to day rather than have the petitioner borrow on its own credit on a long-term security. Therefore, the petitioner argues, the advances here made were for the purpose of financing its long-term operations in the same manner as a long-term loan or bond issue. The petitioner points out that its note for $184,991.79 for funds used to buy the assets of Western Liquor Company was treated as borrowed capital and the respondent accepted that treatment.

The tax consequences depend upon what the petitioner did, not upon what it might have done. The petitioner borrowed on a long-term note to buy the liquor company and the amount of that note has been treated as borrowed capital, but the petitioner's day to day operations were financed by advances recorded on open accounts. Indebtedness represented by open accounts does not qualify as borrowed capital for the purpose of section 719 (a) (1). *Pendleton & Arto, Inc.*, 8 T. C. 1302 (1947); *Flint Nortown Theatre Co.*, 4 T. C. 536 (1945). There was no business reason for giving monthly or periodic notes for the

---

[1] SEC. 719. BORROWED INVESTED CAPITAL.

(a) BORROWED CAPITAL.—The borrowed capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following:

(1) The amount of the outstanding indebtedness (not including interest) of the taxpayer which is evidenced by a bond, note, bill of exchange, debenture, certificate of indebtedness, mortgage, or deed of trust, plus,

\* \* \* \* \* \* \*

(b) BORROWED INVESTED CAPITAL.—The borrowed invested capital for any day of any taxable year shall be determined as of the beginning of such day and shall be an amount equal to 50 per centum of the borrowed capital for such day.

balances from time to time. The parent owned the petitioner and could take over all its assets at any time. The notes were neither negotiated nor pledged as security for loans. There would be no practical value in such a pledge, as the parent's credit, according to the petitioner, was of the highest rank and all the petitioner's assets could be appropriated by the parent. The formality of drawing and signing a note gave the parent nothing it did not already have. The only purpose apparent in doing this was to attempt to qualify the indebtedness on open account as borrowed capital in order to obtain a tax advantage.

The petitioner argues that the day-to-day balances are not involved, that the only indebtedness it claims as borrowed capital is that which was evidenced by the notes. We think the attempted distinction is invalid. The amount of the note was the true balance for a few days and then other charges or credits altered the balance and the note no longer represented the actual indebtedness. Plucked of its feathers the plan employed by the petitioner appears to be little more than a periodic balancing of an open account.

In *Kellogg Commission Co.*, 12 T. C. 182 (1949), the taxpayer sold grain on commission and owed shippers balances which were left on deposit and could be drawn upon at any time. The taxpayer executed promissory notes to its shippers for the balances. From time to time as the balances changed the taxpayer executed new notes, marking the preceding notes "paid." All the notes were retained by the taxpayer for convenience of adjustment. The changes in the balances were not recorded on the notes but only on the ledger and the balance due any shipper could be determined only from the ledger. We held that this indebtedness did not qualify as borrowed capital within the meaning of section 719 (a) (1). The petitioner here attempts to distinguish the *Kellogg Commission Co.* case. In some respects the case is distinguishable; nevertheless, we think its principle is applicable here. In both cases the amounts of indebtedness were shown on ledger accounts, the amounts fluctuated from time to time, the true amount due at any time could be found only by reference to the ledger, payments were not endorsed on the notes, and the notes served no real business purpose. In the cited case the securing of a tax advantage was admittedly the purpose of the execution of the notes. We perceive no other purpose here.

The notes here do not qualify as borrowed capital. In view of this conclusion it is not necessary to consider whether the amount must be offset by the notes given by the parent to the petitioner.

*Decision will be entered for the respondent.*